UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 17-065-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 19-290-DCR |
| | ) | |
| MARION LEAVES BROWN, III, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Marion Leaves Brown, III, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 69] In support, he asserts claims of ineffective assistance of counsel and prosecutorial misconduct. Brown also has filed a motion to compel discovery and to subpoena cellular records. [Record No. 79] The matter was referred to United States Magistrate Judge Edward B. Atkins for a report and recommendation in accordance with 28 U.S.C. § 636(b). Magistrate Judge Atkins filed his report on December 20, 2019, recommending that Brown's § 2255 be denied. [Record No. 84]

This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Brown has not filed

- 1 -

timely objections to Magistrate Judge Atkins' Recommended Disposition. However, the Court has conducted a *de novo* review of the matter and determined that his motions should be denied.

## I.

A female identified as B.S. overdosed on drugs on March 29, 2017. [Record No. 28, p. 2] First responders revived her with Narcan. Later drug tests showed that her overdose was caused by ingesting heroin and fentanyl. [*Id*. at 2-3.] Initially, B.S. advised police that another woman sold her the drugs, but a few days later she admitted that her earlier statement was incorrect and that Brown had provided her the drugs. B.S. later cooperated with the police to record conversations with Brown about arranging another drug purchase. [Record No. 28, p. 4]

Brown pleaded guilty to distribution of a mixture or substance containing a detectable amount of fentanyl, the use of which resulted in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Record No. 27] Brown admitted in his plea agreement that he "knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl . . . [and that] the use of the controlled substance distributed by [him] resulted in serious bodily injury to an individual." [Record No. 28] He waived the right to appeal his guilty plea and conviction and also waived the right to collaterally attack his guilty plea, conviction, and sentence except for claims of ineffective assistance of counsel. [*Id*.] During his plea colloquy, Brown acknowledged said that he understood the terms of his plea agreement and admitted to

supplying B.S. with drugs containing fentanyl, the use of which caused serious bodily injury. [Record No. 38, pp. 28-30]

Before the sentencing hearing, however, Brown attempted to escape from custody. And one day prior to the sentencing hearing, he attempted to withdraw his guilty plea. Brown's retained attorney, Jerry Wright, advised him against withdrawing his guilty plea. However, Wright notified the Court of the defendant's request and then moved to withdraw as counsel. [Record No. 33] Thereafter, Brown moved to withdraw his guilty plea. That motion, however, was denied. [Record Nos. 40, 43] Brown was later sentenced to a 480-month term of imprisonment, to be followed by a five-year term of supervised release. [Record No. 48] Brown appealed the denial of his motion to withdraw his guilty plea. [Record No. 49] However, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision to deny the motion. [Record No. 66]

Brown current motion claims that Wright was ineffective because he failed to investigate whether the alleged drug caused the overdose of the victim, failed to explain the elements of the offense to him, and failed to discuss discovery, which resulted in an involuntary guilty plea. [Record No. 69-1] He also asserts that his counsel was ineffective for erroneously advising him to enter a guilty plea in which he acknowledged that use of the drugs he distributed resulted in serious bodily injury and for failing to investigate his prior convictions. [*Id.*] Finally, Brown contends that the Assistant United States Attorney assigned to the case engaged in prosecutorial misconduct based on knowledge that the drugs Brown sold to B.S. were not in her system. [*Id.*] Brown requests that the Court vacate the

enhancement for serious bodily injury and sentence him to a lesser-included offense of possession.

Magistrate Judge Atkins' report recommends that Brown's § 2255 motion should be denied.  [Record No. 84] First, he concludes that the waiver contained in Brown's plea agreement precludes any argument of prosecutorial misconduct and sufficiency of the evidence. But even if the waiver provision did not bar the arguments, he concludes that the claims are procedurally defaulted because Brown did not raise them on direct appeal.

Regarding Brown's ineffective assistance of counsel claim, Magistrate Judge Atkins concludes that Brown failed to show that Wright's failure to investigate led to erroneous advice to enter a guilty plea.  He explains that Wright's decision not to seek an additional medical expert did not prejudice him and did not change his decision to plead guilty. Further, Magistrate Judge Atkins concludes that Brown's claims that his attorney did not explain the elements of the offense or review discovery with him are unsupported by the record.  Finally, the magistrate judge finds that Brown has failed to demonstrate prejudice because he was not sentenced as a career offender.

**II**.

A movant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to prevail on a § 2255 claim.  *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

## A. Claimed Prosecutorial Misconduct

Brown argues that the government should have known that the drugs B.S. ingested were not sold by him. However, that this claim has been waived and procedurally defaulted. In his plea agreement, Brown explicitly waives the right to collaterally attack his sentence for any reason other than for a claim of ineffective assistance of counsel. [Record No. 28] Such waivers are generally enforceable and valid if entered into knowingly, intentionally, and voluntarily. *Cox v. United States*, 695, F. App'x 851, 853 (6th Cir. 2017); *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

In the present case, Brown made an informed and voluntary decision to waive his right to collaterally attack his sentence with the exception of claims of ineffective assistance of counsel. Brown signed the plea agreement and affirmed during his plea colloquy that he had discussed it with his attorney. [Record No. 38, p. 10] Additionally, Brown affirmed that he discussed his case generally with counsel and was satisfied with his representation. [*Id*. at 9.] He also confirmed that he had not been threatened and had not been forced to enter a guilty plea. [*Id*. at 14.] The undersigned further explained the waiver provision (i.e., the right to collaterally attack the guilty plea) with Brown during the change of plea hearing. [*Id*. at 22-23; *see also* Fed. R. Crim. P 11(b)(1)(N).] And Brown's statements under oath "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Brown's waiver was entered knowingly and voluntarily. Thus, his claim for prosecutorial misconduct is barred by the waiver provision.

This claim also is procedurally defaulted. A petitioner is typically barred from raising a claim in a § 2255 motion that was not raised on direct appeal. *Bousley v. United States*, 523 U.S. 613, 621 (1998). As the Sixth Circuit has noted, "[c]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 961 (6th Cir. 2013). The only claim Brown raised on appeal was whether it was an error for this Court to deny his request to withdraw his guilty plea. Brown has not shown cause and actual prejudice, nor has he alleged that he is actually innocent of the crime in which he was convicted. Because Brown did not raise the claim of prosecutorial misconduct on direct appeal he has procedurally defaulted on the claim.

**B.     Ineffective Assistance of Counsel Claim**

A defendant's right to effective assistance of counsel is violated when his attorney's performance falls below an objective standard of reasonableness and the defendant is prejudiced by that performance. *Henness v. Bagley,* 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Wynn,* 663 F.3d 845, 851 (6th Cir. 2011). A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The standard is highly deferential to counsel. *Id*.

Brown asserts that his attorney was ineffective because he failed to investigate the drug causing the victim's overdose, failed to explain the elements of the offense, failed to review discovery with him, and erroneously advised him to sign a plea agreement in which he acknowledged that the drug he distributed caused serious bodily injury to an identified victim. Brown also contends that his attorney was ineffective because he failed to argue that he was not a career offender.

Brown asserts that Wright did not fully investigate whether the drugs he provided to the victim were the "but-for" cause of serious bodily injury and he erroneously advised him to stipulate to that fact in the plea agreement and during the change-of-plea hearing. "[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Pratt*, No. 7: 15-10-DCR, 2019 U.S. Dist. LEXIS 34495, at *7 (E.D. Ky. Mar. 4, 2019) (citing *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 U.S. Dist. LEXIS 150258, at *5 (E.D. Mich. Oct. 21, 2014)).

But Brown's references to *Burrage v. United States*, 571 U.S. 204 (2014), and *United States v. Ewing*, 749 F. App'x 317 (6th Cir. 2018), are unavailing. In *Ewing*, the Sixth Circuit reversed a jury's verdict because there was a gap in the evidence between the drug sold to the victim and the drug that caused the victim's death. 749 F. App'x at 329. The defendant in *Ewing* had been charged with distributing a mixture containing heroin *and* fentanyl, the use of which resulted in death. *Id*. at 318. However, there was only fentanyl in the victim's system. *Id*. at 329-30. There was no evidence of heroin or heroin metabolites in the victim's blood. *Id*. at 330. The Court concluded that the jury lacked sufficient evidence

to conclude beyond a reasonable doubt that the heroin mixture sold by the defendant contained the fentanyl causing the victim's death. *Id*.

Brown attempts to compare his case to *Ewing* to show that it is impossible to link the drugs he allegedly sold to the victim's overdose because he sold her a combination of drugs, and only fentanyl was in her system. But Magistrate Judge Atkins correctly concluded that this argument is meritless because there is no gap in the evidence in this case. Brown was charged with, pleaded guilty to, and admitted during his plea colloquy, to distributing fentanyl resulting in serious bodily injury. Laboratory reports conclusively demonstrate that fentanyl was the but-for cause of injury to the victim. [Record No. 69-2] The laboratory reports also demonstrate that the victim had a level of fentanyl in her system above the therapeutic level. [*Id*.] Further, the victim identified Brown as the person who supplied the drugs that resulted in her overdose and the police recorded phone conversations between Brown and the victim. Because Brown was charged with, and pleaded guilty to, distribution of fentanyl resulting in serious bodily injury and because fentanyl was the but-for cause of the serious bodily injury, there is no gap in the evidence.

Brown also admitted during the change-of-plea hearing that he would get drugs for the victim. [Record No. 38, p. 28] He acknowledged that the substance provided to the victim contained fentanyl and that his distribution of the substance resulted in serious bodily injury to B.S. [*Id*. at 29.] Attorney Wright explained that the seriousness of the charges Brown was facing was due, in part, to the effect of the controlled substances distributed to the victim. [Record No. 73-6] Wright noted in his affidavit that Brown understood the indictment and the applicable federal guidelines. [*Id*.] There is no indication that Brown

would have altered his decision to plead guilty if Wright had done anything differently. Accordingly, the defendant has not demonstrated that he was prejudiced by counsel's actions.

Brown also claims that Wright failed to explain the elements of the offense and failed to review discovery with him. However, Wright submitted an affidavit outlining that he explained the seriousness of the charges to Brown and explaining that Brown eventually affirmed that he understood the matter. [Record No. 73-6, p. 2] Wright met with Brown on several occasions and conducted video conferences six times. [*Id.*] And he attached his calendar entries in support of his assertions. Wright further explained that he "provided all discovery to Brown and reviewed it all with him numerous times." [*Id.*]

Brown also affirmed during his change-of-plea hearing that he reviewed the indictment with Wright and discussed his case and the charges with him to his satisfaction. [Record No. 38, p. 9] Additionally, Brown acknowledged that the government would be able to prove the essential elements of the offenses and agreed with the factual basis for his plea as outlined in the written plea agreement. [*Id.* at 26-29.] Finally, Brown affirmed that he was satisfied with his attorney's representation. [*Id.* at 9.] There is no support for Brown's claim that Wright was deficient in explaining the essential elements of the offense or in reviewing discovery with him.

Brown also asserts that Wright was ineffective by advising him to admit in the plea agreement that the drugs distributed to B.S. caused serious bodily injury. However, Magistrate Judge Atkins was correct in concluding that this was merely a lawyer providing full and frank advice to a client. Brown would have been subject to an § 851 enhancement

and faced a potential mandatory life sentence. But in return for pleading guilty, the United States withdrew the § 851 notice. As noted previously, Brown agreed that he was satisfied with his attorney's advice and admitted that he provided the drugs to the victim that caused her serious bodily injury. Based on the foregoing, Wright was not ineffective for advising Brown to plead guilty to avoid being subject to an enhanced statutory penalty.

Finally, Brown argues that his counsel was ineffective because he did not investigate his prior convictions and did not argue that he was not a career criminal under the United States Sentencing Guidelines § 4B1.1. However, while Brown's presentence investigation report stated that he would qualify as a career offender, the career offender guidelines were not applied. This claim lacks merit because Brown was not sentenced as a career offender or as an armed career criminal. Because Brown's claim is not meritorious counsel is not ineffective for failing to raise it. *See United States v. Jennings*, No. 2: 06-79-DCR, 2011 U.S. Dist. LEXIS 63741 (E.D. Ky. June 14, 2011) ("Failure to raise meritless arguments does not constitute ineffective assistance of counsel"); *see also Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

**III**.

Brown has also filed a motion to compel discovery and to subpoena cellular telephone records. [Record No. 79] He seeks discovery material from the victim's phone and audio recordings from the Grayson County Detention Center. Further, he wishes to subpoena text messages from the victim's phone. According to Brown, these materials will demonstrate that he did not cause the victim to overdose.

"A habeas petitioner is not entitled to discovery as a matter of ordinary course."
*Samatar v. Clarridge*, 225 F. App'x 366, 375 (6th Cir. 2007) (quoting *Bracy v. Gramley*, 520
U.S. 899, 904 (1997). A petitioner must show good cause before a district court can grant
leave to conduct discovery. *Bracy*, 520 U.S. at 904. "Good cause exists when a petitioner
sets forth specific allegations before the court to show reason to believe that he may, if the
facts are fully developed, be able to demonstrate . . . entitlement to relief." *Young v.
Westbrooks*, 702 F. App'x 255, 268 (6th Cir. 2017) (internal citations and quotations
omitted).

Brown cannot show good cause to warrant granting leave to conduct discovery. He
asserts that he needs the phone records because it will support his claim that someone else
sold the drugs to the victim that caused her overdose. However, he cannot demonstrate that
providing this discovery will show an entitlement for relief because, as discussed above, all
of his § 2255 claims are meritless.

## IV.

Brown has requested an evidentiary hearing. [Record No. 82] The Court may deny a
movant's § 2255 petition if the record "conclusively shows that a defendant is entitled to no
relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); 28 U.S.C. § 2255(b).
Additionally, no hearing is required if the movant's allegations cannot be accepted as true
because they are contradicted by the record, inherently incredible, or are conclusions rather
than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999);
*Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994). The record conclusively shows

that Brown is not entitled to any relief and there are no disputed facts. Accordingly, Brown's request for an evidentiary hearing will be denied.

**V**.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, if the Court denies a § 2225 motion on procedural grounds, a defendant must show that jurists of reason would find it debatable whether the district court was correct in its ruling. *Id*. Brown cannot establish that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong or find it debatable whether the Court was correct in its procedural ruling. As a result, a Certificate of Appealability will not issue.

**VI.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1.     The Magistrate Judge's Recommended Disposition [Record No. 84] is **ADOPTED** and **INCORPORATED** by reference.

2.     Defendant/Movant Marion Leaves Brown's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 69] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3.     A Certificate of Appealability will not issue.

4.     Brown's motion to compel discovery and to subpoena cellular records [Record No. 79] is **DENIED**.

5.     Brown's request for an evidentiary hearing [Record No. 82] is **DENIED**.

Dated: January 13, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky